Reese, J.
delivered the opinion of the court.
The plaintiff in error is a free man of color. The pro *121 perty charged to have been stolen, was found in his possession and at the time it was so found he alleged that he had gotten it from Peter, a man of color. The case was one in which the alleged guilt of the prisoner depended upon circumstantial testimony, and on the part of the prisoner, certain circumstances were proved by Thomas Brown to make the truth of the statement that he had gotten the property from the slave, Peter, probable.
The defendant’s counsel before the jury insisted, that Peter, a free man of color or slave, was an incompetent wit-iless for the defendant, and therefore the circumstances, as proved by the witness Brown, were admissahle and the best evidence the nature of the case admitted, to prove how defendant came into the possession of the property; and asked the court so to charge the jury.
The court refused so to charge, but charged that Peter, the free man of color or a slave, could be examined, and was a competent witness in law for the defendant, and should have been produced, as also the circumstances proved by Brown, the witness. The only question in this case is,— whether this opinion of the court is correct?
The act of 1794, c 1, § 32, declares that all negroes, in-dians, mullattoes and all persons of mixed blood, descended from negro or indian ancestors to the third generation inclusive, though one ancestor of each generation may have been a white person, whether bond or free, should be held and deemed to be incapable in law to be a witness in any case whatever, except against each other. Here the disqualification is general and absolute, and the exception limited to a single and distinct case. These persons says the act, except against each other, cannot be witnesses. The court said, that the man of color could be a witness for the defendant and against the state. This opinion is not authorised by the act of assembly.
The cases, under this act, in which these disqualified persons can be witnesses for each other, are when plaintiff and and defendant both being men of color, the witnesses may at the same time be said io be reciprocally witnesses against each of the parties. Perhaps the practice in Tennessee may *122 have been heretofore much more liberal than the statute; With that we have nothing to do, — as the law speaks, so it is our duty to speak.
Let the judgment be reversed and a new trial be granted»